UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMNARAIN JAIGOBIND, | : | |
| MICHELLE JAIGOBIND, | : | CIVIL CASE NO. |
| QUIET SHORES, INC., | : | 3:22-CV-01099 |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD CARAPEZZI, | : | |
| NEWELL CARAPEZZI, | : | |
| CONNERS DEVELOPMENT, LLC, | : | |
| MATT CONNERS, | : | |
| DAVID PREUSCH ARCHITECT, | : | |
| JOSEPH A. LATTARULO, | : | |
| MARY GREEN, and | : | |
| WILLIAM RAVEIS REAL ESTATE, | : | FEBRUARY 27, 2024 |
|     Defendants. | : | |

**RULING ON PLAINTIFFS' MOTIONS TO AMEND (DOC. NOS. 186 & 228) AND DEFENDANTS MARY GREEN & WILLIAM RAVEIS REAL ESTATE'S MOTION TO DISMISS (DOC. NO. 93)**

I.    INTRODUCTION

Plaintiffs Ramnarain Jaigobind, Michelle Jaigobind, and Quiet Shores, LLC (hereinafter "the plaintiffs") bring this action against defendants Ronald Carapezzi; Newell Carapezzi; Conners Development, LLC ("Conners Development"); Matt Conners; David Preusch Architect ("Preusch"); Jalco Enterprises, LLC ("Jalco"); Joseph A. Lattarulo ("Lattarulo"); Mary Green ("Green"); and William Raveis Real Estate ("Raveis"), pursuant to this court's diversity jurisdiction.  See First Amended Complaint ("First Am. Compl.") (Doc. No 82).  The plaintiffs allege various causes of action under Connecticut law against the respective defendants, asserting that the defendants

1

engaged in misrepresentations and omissions regarding a defective property that plaintiffs purchased.

The plaintiffs have filed a Motion to Amend the Complaint and add factual allegations and causes of action against the various defendants, see Plaintiffs' Motion for Leave to File Second Amended Complaint ("Second Mot. to Amend") (Doc. No. 186), which Ronald and Newell Carapezzi (hereinafter "the Carapezzis") oppose, see Memorandum of Law by Carapezzi Defendants in Opposition to Plaintiffs' Motion to Amend ("Carapezzi Defs.' Opp.") (Doc. No. 214-1).

The plaintiffs have also filed another Motion to Amend the Complaint (Doc. No. 228) to add another defendant, Champion Engineering Design and Construction, LLC ("Champion") to the instant action. None of the existing defendants have indicated that they oppose the Motion. See Plaintiffs' Motion for Leave to File Third Amended Complaint, at 1 ("Third Mot. to Amend") (Doc. No. 228).

For the reasons set forth below, the Second Motion to Amend is granted in part and denied in part; the Third Motion to Amend is granted; and the Motion to Dismiss is terminated as moot without prejudice to renewal.

## II.    BACKGROUND

### A.    Factual Background[1]

Plaintiffs Ramnarain and Michelle Jaigobind (hereinafter "the Jaigobinds"), who are husband and wife, are citizens of New York and the sole members of Quiet Shores, LLC, which is a "limited liability company organized and existing under" Delaware law.

---

[1] The following alleged facts are taken from plaintiffs' First Amended Complaint. See First Amended Complaint ("First Am. Compl.") (Doc. No. 82).

See First Am. Compl. ¶¶ 1-2.  On June 11, 2021, the Jaigobinds entered into an agreement to purchase a property located at 10 Gray Lane, Westport, Connecticut (hereinafter "the Property").  See id. at ¶¶ 2, 28.  After purchasing the Property, the Jaigobinds discovered that the Property suffered from multiple, serious structural defects.  See id. at ¶¶ 55-62.

The plaintiffs seek to hold various defendants liable for causing, concealing, or misrepresenting the Property's various structural defects.  See id.  The plaintiffs allege that the Carapezzis, who were the former owners of the Property, made various false representations about the condition of the Property, see id. at ¶¶ 3, 26-37, and attempted to conceal the Property's defects, see id. at ¶¶ 3, 26-37, 58-61.  They also seek to hold liable Matt Conners and his limited liability company, Conners Development, who constructed the Property, for making false representations regarding water infiltration and other structural defects, and for concealing those defects.  See id. at ¶¶ 4-6, 16, 40, 46-51, 58-61.  The plaintiffs similarly allege that the home inspector, Lattarulo, a member of the limited liability company Jalco, failed to identify and notify the Jaigobinds of the Property's defects.  See id. at ¶¶ 8-9, 38-39.  They also allege that Green, a real estate agent for Raveis, provided false information to the Jaigobinds regarding the Property and its condition.  See id. at ¶¶ 20, 23-24, 27, 49.  Finally, the plaintiffs assert that Preusch, the architectural firm that rendered architectural services on the Property, failed to perform adequate work.  See id. at ¶¶ 7, 137.

B.     Procedural Background

The plaintiffs filed their original Complaint against the defendants on August 30, 2022. See Complaint.  On February 21, 2023, the plaintiffs moved to amend their

Complaint, see Motion to Amend (Doc. No. 58), which this court granted on March 23, 2023, see Order (Doc. No. 79).

Counts One, Two, and Three of the operative Amended Complaint allege intentional misrepresentation, fraud by nondisclosure, and negligent misrepresentation, respectively, against the Carapezzis. See First Am. Compl. ¶¶ 63-80. Counts Four, Five, Six, and Seven allege negligence, intentional misrepresentation, fraud by nondisclosure, and negligent misrepresentation, respectively, against Matt Conners and Conners Development. See id. at ¶¶ 81-126. Count Eight alleges violation of the Connecticut Unfair Trade Practices Act ("CUTPA") against Matt Conners and Connors Development. See id. at ¶¶ 127-32. Count Nine alleges professional negligence against Preusch. See id. at ¶¶ 133-38. Counts Ten and Eleven allege breach of contract and negligence against Joseph Lattarulo and Jalco,[2] see id. at ¶¶ 139-55, while Count Twelve asserts violation of CUTPA against the same, see id. at ¶¶ 156-61. Finally, the thirteenth, fourteenth, and fifteenth Counts[3] allege intentional misrepresentation, fraud by nondisclosure, and negligent misrepresentation, respectively, against Green and Raveis. See id. at ¶¶ 162-79.

On May 8, 2023, defendants Green and Raveis filed a Motion to Dismiss Counts Twelve and Fourteenth of the First Amended Complaint, see Motion to Dismiss ("Mot. to Dismiss") (Doc. No. 93), to which the plaintiffs filed their opposition, see Plaintiffs' Memorandum in Opposition to Green and Raveis' Motion to Dismiss (Doc. No. 97).

---

[2] On February 27, 2024, the court granted summary judgment with respect to plaintiffs' claims against Jalco. See Ruling on Defendants Jalco and Lattarulo's Motion for Summary Judgment (Doc. No. 232). Jalco has therefore been terminated as a party to this case as of the date of this Ruling.

[3] The First Amended Complaint incorrectly numbers these Counts as the twelfth, thirteenth, and fourteenth Counts. See First Am. Compl. at 31-34.

The plaintiffs filed their Second Motion to Amend on December 4, 2023, see Second Mot. to Amend, which the Carapezzis oppose, see Carapezzi Defs.' Opp. On February 14, 2024, the plaintiffs filed a Third Motion to Amend to add another defendant. See Third Mot. to Amend. The existing defendants have not indicated that they oppose the Motion. See id. at 1.

### III. LEGAL STANDARD

A plaintiff may amend his or her complaint once as a matter of right within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading, whichever is earlier. See Fed. R. Civ. P. 15(a)(1)(A)-(B); Gaughan v. Rubenstein, 261 F. Supp. 3d 390, 399 (S.D.N.Y. 2017). In all other cases, a plaintiff may amend a complaint only with the leave of the court. See Fed. R. Civ. P. 15(a)(2). The court's permission to amend a complaint "shall be freely given when justice so requires." Id. It is generally appropriate to grant a motion to amend unless there is an "apparent or declared" reason not to, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

However, if leave to amend is sought after the deadline imposed by the court's scheduling order, Rule 15's permissive, "freely give[n]" standard governing amendments gives way to Rule 16's more onerous "good cause" standard to modify a scheduling order. See Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021) (noting that "[t]he period of 'liberal' amendment ends" once the scheduling order's deadline passes, at

which point the plaintiff may only amend upon a showing of "good cause"); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (joining other circuits "in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause"). "[A] finding of 'good cause' depends on the diligence of the moving party." Parker, 204 F.3d at 340.  Though diligence is the primary consideration, the court can also consider other factors, including "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).

## IV.   DISCUSSION

The plaintiffs have filed two Motions to Amend, each of which this court addresses below.  The court also addresses the related Motion to Dismiss filed by Green and Raveis.

### A.   Second Motion to Amend (Doc. No. 186)

In their second Motion to Amend, plaintiffs seek to add new factual allegations and causes of action against the existing defendants, which, according to plaintiffs, were uncovered during discovery.  See Plaintiffs' Memorandum of Law in Support of Motion to File Second Amended Complaint ("Pls.' Mem."), at ¶¶ 3-5 (Doc. No. 186-1). For example, plaintiffs seek to add new factual allegations regarding false representations made by the Carapezzis, as well as additional Counts alleging violations of CUTPA and negligence per se under section 20-327b of the Connecticut General States against the Carapezzis.  See Proposed Second Amended Complaint

6

("Proposed Second Am. Compl."), Pls.' Ex. 1, at ¶¶ 91-99, 113-18 (Doc. No. 186-2). Plaintiffs also seek to add, <u>inter alia</u>, factual allegations regarding false representations by Green and Raveis and an additional Count alleging negligence <u>per se</u> under section 20-327b against Green and Raveis. <u>See</u> <u>id.</u> at ¶¶ 225-30.

Of the various defendants, only the Carapezzis have filed an opposition to this Motion to Amend. <u>See</u> Carapezzi Defs.' Opp. The Carapezzis oppose the Motion on the grounds that (1) plaintiffs have failed to demonstrate good cause for the amendments, and (2) the new causes of action would be futile. <u>See</u> <u>id.</u>

1. Good Cause

Because the Motion to Amend was filed after the deadline provided in this court's Scheduling Order, the plaintiffs must demonstrate "good cause" in accordance with Federal Rule of Civil Procedure 16(b). <u>See</u> <u>Parker</u>, 204 F.3d at 340. The plaintiffs contend that "good cause" for the amendment exists "because four out of the five groups of defendants have just recently produced over 4,500 pages of documents to the Plaintiffs in discovery." <u>See</u> Pls.' Mem. at ¶ 3.

The primary question this court must consider is whether the plaintiffs can demonstrate diligence. <u>See</u> <u>Parker</u>, 204 F.3d at 340 ("[A] finding of 'good cause' depends on the diligence of the moving party."). Here, the plaintiffs have met this requirement. The plaintiffs have added the new factual allegations and causes of action based on information recently learned during discovery. The plaintiffs then filed the Motion to Amend within approximately two months of receiving these new productions. Courts have found that good cause exists in such circumstances. <u>See, e.g.</u>, <u>Red Rock</u>

7

Sourcing LLC v. JGX, LLC, No. 21-CV-1054, 2023 WL 3736442, at *9 (S.D.N.Y. May 31, 2023).

The Carapezzis contend, however, that (1) plaintiffs' additional allegations are superfluous, and (2) there is "no reason [plaintiffs] could not have alleged their new causes of action against the Carapezzis from the beginning of the case." See Carapezzi Defs.' Opp. at 4. The court respectfully disagrees. A review of plaintiffs' proposed Amended Complaint shows new factual allegations arising out of information from emails and other documents obtained through recent discovery productions. See, e.g., Proposed Second Am. Compl. at ¶¶ 32, 49. These new factual allegations constitute part of the factual basis for plaintiffs' additional causes of action against the Carapezzis. See, e.g., id. at ¶¶ 96, 97, 113. Given that plaintiffs have shown that they learned new, significant facts through discovery, and that they moved to amend their Complaint shortly thereafter, the plaintiffs have demonstrated good cause. The court cannot conceive of any other considerations, such as unfair prejudice to the Carapezzis or any other defendants, that militate against a finding of good cause. Indeed, the Carapezzis advance no such arguments. Accordingly, the court concludes that there is good cause for plaintiffs' Second Motion to Amend.

    2.    Futility

The Carapezzis also contend that the new causes of action alleged by the plaintiffs are futile. See Carapezzi Defs.' Opp. at 5.

    a)    CUTPA

First, the Carapezzis argue that plaintiffs cannot allege a violation of CUTPA against them because they are not primarily engaged in the business of selling real

8

estate. "[A] CUTPA violation may not be alleged for activities that are incidental to an entity's primary trade or commerce." Biro v. Matz, 132 Conn. App. 272, 290 (2011) (quoting Sovereign Bank v. Licata, 116 Conn. App. 483, 494 (2009)). As the Carapezzis correctly note, the Connecticut Appellate Court has held that a party may not be held liable under CUTPA for a real estate transaction if they are not "primarily engage[d] in the business of selling real estate[.]" Biro, 132 Conn. App. at 753-54; accord Li v. Yaggi, No. CV145034810, 2014 WL 4056885, at *2 (July 10, 2014) (holding that a plaintiff cannot allege a CUTPA violation where "allegations . . . relate to the purchase and sale agreement which relates to a one time sale of the defendants' primary residence," and "does not involve their 'primary trade or commerce'"). At no point does the proposed Amended Complaint allege, or even suggest, that the Carapezzis are in the business of selling real estate. As such, plaintiffs' Motion to add a CUTPA violation against the Carapezzis must be denied as futile.

                b)       Negligence Per Se Under Section 20-327b

The Carapezzis also contend that plaintiffs' claim of negligence per se under section 20-327b is futile. Section 20-327b, known as the Uniform Property Disclosure Act, requires a vendor to "provide a written residential condition report or reports to the prospective purchaser at any time prior to the prospective purchaser's execution of any binder, contract to purchase, option or lease containing a purchase option." See Conn. Gen. Stat. § 20-327b(a). "Such a report must include a provision informing the purchaser that any representation made by the vendor in the [section] 20-327b report is limited to the vendor's actual knowledge." Giametti v. Inspections, Inc., 76 Conn. App.

352, 359 (2003). A plaintiff may seek "relief under th[e] statute only for a knowing misrepresentation in the statutory report." Id. at 357.

Here, the plaintiffs' proposed Amended Complaint appears to allege that the Carapezzis made knowing misrepresentations in the statutory report. See Proposed Second Am. Compl. at ¶ 117 (alleging that "the Carapezzis breached their legislatively imposed duty and standard of care" by "failing to truthfully disclose the condition of the Property to the Plaintiffs as required by Connecticut General Statute § 20-327b"); accord id. at ¶¶ 3, 26-37, 58-61 (alleging that the Carapezzis made various misstatements about the Property and concealed its defects). The allegations made by plaintiffs with respect to per se negligence appear to comply with the limitation outlined in Giametti—i.e., that the defendant must make a knowing misrepresentation in the statutory report. See Giametti, 76 Conn. App. at 357. This court cannot locate any controlling authority in Connecticut establishing that negligence per se claims under section 20-327b are impermissible as a matter of law. As such, the court cannot conclude, at this juncture, that plaintiffs' amended allegations of negligence per se are futile. The court therefore grants plaintiffs' Motion to add allegations of negligence per se against the Carapezzis, without prejudice to the Carapezzis renewing and expanding on their arguments at a lager stage of the litigation.

    B.    Third Motion to Amend (Doc. No. 228)

The plaintiffs have also moved to amend their Complaint to name Champion as a new defendant, and to allege professional negligence against Champion. See Third Mot. to Amend. The plaintiffs have indicated that none of the existing defendants have objected to this Motion. See id. at 1. Once again, because plaintiffs move to add

Champion as a defendant after the deadline in the Scheduling Order, the court must determine whether good cause exists.

Here, the plaintiffs have shown good cause to add Champion. Plaintiffs assert that they learned, through recent discovery productions, that Champion "was heavily involved in the architectural and structural design of the subject property." See Third Mot. to Amend. at ¶ 4. The plaintiffs also state that "Defendant Preusch, the architect for the project, supplemented its answers to interrogatories on January 30, 2024 to identify Champion and its agents." Id. at ¶ 6. "Courts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly to name new parties based on such facts, leave to amend is appropriate." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. & N.J., No. 15-CV-3526, 2016 WL 6083956, at *5 (S.D.N.Y. Oct. 17, 2016). Because plaintiffs seek to add Champion based on newly discovered facts, and because they have moved to amend their Complaint with due diligence, the court concludes that they have established good cause to add Champion. Plaintiffs' Third Motion to Amend is granted.

    C.    <u>Motion to Dismiss (Doc. No. 93)</u>

As noted above, Green and Raveis previously filed a Motion to Dismiss Counts Twelve and Fourteen of the First Amended Complaint on the grounds that plaintiffs (1) failed to allege that Green and Raveis made false statements of fact, and (2) did not plausibly allege reasonable reliance on any false statements of fact. See Mot. to Dismiss; Green and Raveis' Memorandum of Law in Support of Motion to Dismiss, at 8-20 (Doc. No. 94).

In their proposed Amended Complaint, plaintiffs reiterate their allegations of intentional misrepresentation and negligent misrepresentation against Green and Raveis—as iterated in Counts 12 and 14 of the existing, operative Complaint—and include new factual allegations against both defendants. See, e.g., Proposed Second Am. Compl. at ¶¶ 25, 26, 28, 206, 208. Notably, Green and Raveis did not file any opposition to plaintiffs' Second Motion to Amend, which raised the amended allegations. Because this court has granted plaintiffs' Second Motion to Amend, Green and Raveis' Motion to Dismiss, in its current form, is now moot. The court therefore terminates the existing Motion to Dismiss as moot, without prejudice to Green and Raveis filing a renewed Motion to Dismiss.[4]

## V. CONCLUSION

For the reasons stated above, plaintiffs' Second Motion to Amend (Doc. No. 186) is granted in part and denied in part. Plaintiffs' Motion to add a CUTPA violation against Ronald and Newell Carapezzi is denied. Plaintiffs' Second Motion to Amend is granted in all other respects. Plaintiffs' Third Motion to Amend (Doc. No. 228) to add Champion Engineering Design and Construction, LLC as a defendant is granted. Defendants Mary

---

[4] The court notes, however, that it is skeptical of the argument, at the motion to dismiss stage, that plaintiffs' allegations of intentional misrepresentation and negligent misrepresentation are, on their face, entirely futile. The proposed Amended Complaint alleges that, "[a]s early as 2018, Mary Green knew that leaks and water intrusion had occurred at the Property." Proposed Second Am. Compl. at ¶ 206. The proposed Amended Complaint alleges various statements by Green that, given her alleged knowledge that the Property suffered from leaks and water intrusion, could be construed as misrepresentations of fact, i.e., misrepresentations that the Property was not, in fact, prone to leaks or water intrusion. See id. at ¶¶ 30-31, 51, 68. A liberal reading of the proposed Amended Complaint could also suggest that the plaintiffs reasonably relied on these representations that the Property was not vulnerable to leaks and water intrusion, even if the plaintiffs commissioned their own Inspection to assess the Property's condition.

Green and William Raveis Real Estate's Motion to Dismiss (Doc. No. 93) is terminated as moot, without prejudice to renewal.

Plaintiffs may refile an Amended Complaint, in accordance with this Ruling, as well as the court's prior Ruling on defendants Jalco and Lattarulo's Motion for Summary Judgment (Doc. No. 232), within twenty-one days from the date of this Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 27th day of February 2024.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge